PEOPLE, PLAINTIFF AND APPELLEE, *v.* BARBOSA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Weights and Measures Act.

No. 1447.—Decided February 13, 1920.

WEIGHTS AND MEASURES — BREAD — PLEADING — CONVICTION OF A CRIME NOT CHARGED.—A person accused of violating Act No. 13 of April 12, 1917, to regulate the weight of loaves of bread sold or offered for sale in Porto Rico, can not be convicted and punished for a violation of section 15 of the Weights and Measures Act (No. 135 of August 18, 1913), and if the evidence does not establish the commission of the crime charged the accused should be acquitted.

The facts are stated in the opinion.

*Mr. Luis Mendín* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Martín Barbosa from a judgment rendered on appeal by the District Court of Humacao on June 13, 1919, after a trial *de novo,* convicting the appellant of a violation of section 15 in connection with section 20 of the Weights and Measures Act and sentencing him to pay a fine of $100 and the costs, or to serve one day in jail for each dollar not paid, this alternative imprisonment not to exceed ninety days.

On May 2, 1919, Martín Barbosa was charged in the Mu-

nicipal Court of Caguas with an infraction of Act No. 13
of April 12, 1917, in that—

"On May 2, 1919, at 10 a. m., in the ward of Río Cañas of the
Municipal Judicial District of Caguas, which forms part of the Ju-
dicial District of Humacao, said defendant wilfully, unlawfully and
maliciously made and·offered for sale twenty-five one-pound loaves
of bread of an aggregate shortage of 1,250 grams. Weighed separ-
ately, the twenty-five loaves of bread showed the following shortage
in grams: 65; 50; 50; 60; 50; 40; 45; 25; 30; 50; 80; 55; 35;
55; 35; 55; 50; 60; 45; 50; 25; 50; 70; 75; 45. The accused
is liable under section 20 of the Weights and Measures Act, he having
been convicted by the Municipal Court of Caguas of a similar offense
on March 17, 1918—judgment No. 15841—and sentenced to pay a
fine of $5 and the costs. An offense contrary to law."

The appellant .bases his appeal on the contention that the
lower court erred in weighing the evidence.

Act No. 13 to regulate the weight of loaves of bread sold
or offered for sale in Porto Rico, and for other purposes,
approved April 11, 1917, contains four sections. The first
provides that a loaf of bread weighing one pound avoirdu-
pois, or 453 grams, shall be the standard loaf of bread in
Porto Rico. The second prescribes that any loaf of bread
sold or offered for sale in Porto Rico, weighing more or less
than the standard loaf of one pound, or 453 grams, shall be
labeled in plain and intelligible English or Spanish words
and figures with its correct weight and the name of its manu-
facturer; *Provided,* That the Chief of the Bureau of Weights
and Measures shall establish reasonable variations or toler-
ances applicable in case of either excess or shortage in the
labeled weight. The third provides that whenever a loaf of
bread is sold or offered for sale, weighing more or less than
one pound, or 453 grams, the net-weight label of said loaf
shall also indicate the price of the standard loaf followed
by the words "per pound" and the price of said loaf shall
be the same proportional part of the price of the standard
loaf as the weight of the loaf in question is of the weight of
the standard loaf marked on the label; *Provided,* That the

price per loaf shall not include any fractional part of one cent. Section 4 provides that any person who violates any of the foregoing provisions shall be guilty of a misdemeanor and shall be subject to the same penalties as are provided for in the Weights and Measures Act.

Section 15 of the Weights and Measures Act—No. 135 of August 18, 1913—referred to in the judgment appealed from, provides that no person shall give or permit to be given any false or short weight or measure in the sale or transfer of any goods, wares or merchandise, and no person shall use or permit to be used, any false weight or measure in any industrial or commercial transaction as a basis for compensation in the sale, transfer or transportation of any goods, wares or merchandise. Section 20 provides that any person who violates any of the foregoing provisions of this act or of the rules and regulations prescribed in pursuance thereof, or directs, orders, permits or consents to any infraction thereof, shall be guilty of a misdemeanor and shall be punished for the first offense by a maximum fine of fifty dollars, or by imprisonment not to exceed fifty days, and for the second offense by a fine of not less than fifty dollars nor more than two hundred and fifty dollars, or by imprisonment for a term not to exceed ninety days, and for subsequent offenses by a fine of not less than two hundred dollars nor more than five hundred dollars and by imprisonment for not more than one year.

As the defendant cannot be · punished for a crime that is not charged in the complaint, let us determine whether the evidence shows that he wilfully or unlawfully and maliciously made and offered for sale 25 one-pound loaves of bread with an aggregate shortage of 1,250 grams.

From the oral evidence introduced by the prosecution at the trial it appears that the 25 loaves of bread referred to in the complaint were reweighed in a properly tested scale and, on the basis that each loaf should weigh one pound, or 453 grams, showed a total shortage of 1,250 grams; that,

according to witness Félix Viera, the wrapper of the bread was marked "Barbosa M. 40 Caguas grams" followed by the abbreviation for "pounds," witness being unable to recall whether "10c." appeared between grams and pounds. According to witness Pedro Blanche, the wrapper was marked "Barbosa M 40 Caguas," "grams" and "pound" abbreviated, without any mention of the price. The evidence for the defendant consisting of one of the wrappers and showed that the label read "Barbosa M Caguas 40 grams 10c." and "pound" abbreviated, his witnesses Enrique Morán and Eladio Rosa testifying positively that the weight of the bread was 400 grams.

The defendant explained in his testimony that he mixed from fourteen to fifteen sacks of flour in his bakery; that the loaves of bread were labeled 400 grams, Caguas, 10 cents a pound; that the label of 10c. a pound cannot be understood as indicating a pound because a loaf of bread weighing one pound does not need to be labeled; that the labeling of the bread at 40 instead of 400 grams was probably due to the carelessness of the boys who labeled the bread and to the failure of the man in charge to detect the error.

The labels attached to the loaves of bread do not show that they weighed one pound each and if they did the appellant was not required to comply with the provision of sections 2 and 3 of the act that any loaf of bread weighing more or less than one pound shall be labeled with its correct weight and its price in proportion to the pound or standard unit, and the mere fact that the accused acquiesced in complying with that provision shows that the weight of each loaf was more or less than one pound. In the absence of any proof that the loaves weighed one pound each and giving credence to the defendant's testimony, which was corroborated by two witnesses, the weight of a loaf was 400 grams, although the weight was erroneously labeled as 40 grams, and assuming the weight of 400 grams to be correct, it follows that while, according to the pound, or 453 grams, standard, the 25 loaves

were short 1,250 grams, on the basis of the labeled weight, of 400 grams each, the said 25 loaves represented an excess weight of 75 grams.

There is evidence tending to show that the loaves of bread were being sold at 7 or 8 instead of 10 cents a loaf.

And the appellant cannot be convicted of a violation of sections 2 and 3 of Act No. 13 of April 12, 1917, on the ground that the loaves were not labeled in the form provided for in said sections, for he was not charged with that offense, but with selling short-weight bread on the basis of a standard loaf of one pound, a charge which has not been sustained.

The judgment appealed from must be reversed and the defendant-appellant discharged without costs.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.